## Alexander McLean, Appellee, v. Xenophon Caverne, Appellant.

### Gen. No. 5,681.

1. SLANDER AND LIBEL—*admission of entire article.* Where but one sentence published by a newspaper is alleged to be libelous, the defendant is entitled to the benefit of the entire article in determining what would be ordinarily understood therefrom and also to an address, made by plaintiff, referred to by the article, and published in the same issue.

2. SLANDER AND LIBEL—*what statement not libelous per se.* A sentence concerning the mayor of the town published in a newspaper which states that "only an expert examination of the books and a grand jury examination could show how poorly he lived up to his promises," is not libelous *per se*, where the entire article alleges that the mayor did not live up to the promises made in his inaugural address, which was published in the same issue and in which a business-like administration and a strict enforcement of the laws and ordinances by the city officers was promised.

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed October 15, 1912.

MORSE & DEMERATH and SEARLES & MARSHALL, for appellant.

ANDERSON & ANDREWS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee was the mayor of the city of Kewanee and appellant was one of the editors and part owner of a newspaper published in said city. Appellee brought this action on the case against appellant to recover damages for the publication of an article concerning appellee in said newspaper. The declaration consisted of a first and a second count and of an additional count, filed by leave of court during the trial. The first count was dismissed during the trial. Appellant filed the general issue and several special pleas to each of which special pleas a demurrer was sustained. The cause went to the jury upon the second count, the additional count and the general issue. Appellee had a verdict for $5,000; a remittitur of $2,500 was entered; a motion for a new trial was denied and appellee had judgment for $2,500, from which judgment defendant below appeals. Appellant contends that the article set out in the declaration is not libelous *per se* and especially when read in connection with the rest of the article: that the court erred in sustaining the demurrers to the special pleas; that the court erred in rejecting testimony offered by appellant in mitigation of damages; and that the rulings of the court upon the instructions were erroneous.

The words set out in the declaration are as follows:

"Only an expert examination of the city's books and an investigation by the grand jury, can show just how poorly Mr. McLean has lived up to his promises, but we expect to go over his record as it appears in our

files and in transactions of which we have knowledge and publish the facts.''.

The second count charged that these words were maliciously published concerning appellee, mayor of the city of Kewanee, and of and concerning his official conduct with respect to moneys and finances in the treasury of the city of Kewanee. The additional count charged that said words were maliciously published concerning appellee and of and concerning his official conduct as mayor. No other facts were charged which would make this language actionable, unless it was libelous *per se* and charged official misconduct amounting to a crime. Appellee put in evidence the entire editorial, of which the language above quoted is but a single sentence. Said editorial was as follows:

## "WORDS AND DEEDS.

We are publishing the inaugural statement, read by Mayor McLean when he assumed the duties of his office. It is a good statement and shows that Mr. McLean understood his duty and his opportunity. We suggest that those of our readers, who are interested in city affairs, cut this out and preserve it for reference. Only an expert examination of the city's books and an investigation by the grand jury, can show just how poorly Mr. McLean has lived up to his promises, but we expect to go over his record as it appears in our files and in transactions of which we have knowledge and publish the facts. The public will have to be the judge. This will take time and effort, but before we get through with it we trust we will be acquitted by the public of having suppressed any information in regard to city affairs.''

Appellant is entitled to the benefit of the entire article in determining what an ordinary reader would understand from the language set out in the declaration. Moreover, inasmuch as this editorial refers to the mayor's inaugural address and it was published in the same issue of the paper, we do not doubt that that address also is to be considered in determining the meaning of the words complained of. Appellant

put that address in evidence, and we are of opinion that the following extract therefrom contains all that was referred to in the language complained of:

"I fully believe in practicing strict economy in public as well as in private affairs, and at all times be guided by common sense and business methods in the expenditure of the people's money, at the same time I do not believe that we should economize in such a way as to retard in any respect the development of the city, our main consideration should be, that for every dollar expended, we should receive a dollar's worth in return.

I shall require of all our officials strict enforcement of the laws of the state and city ordinances as far as the same shall apply to their respective duties, and hold each responsible for the infractions of the law. No favors will be granted to any one all having equal rights which must be respected."

We are of opinion that this entire language cannot reasonably be so construed as to make it libelous *per se*. The accounts of a city are not kept by the mayor and the declaration does not so charge, nor would a reader of the article understand that reference was made to books of account kept by the mayor. No one would understand from this language that the writer charged that the grand jury should indict the mayor for any crime. What is charged is that the mayor had not lived up to his promises, and when that is considered in connection with the inaugural address, published in the same issue, and therefore really a part of the article, it is clear that the meaning is that the mayor had not lived up to the promises made in the inaugural address, namely that he would require of all the city officers a strict enforcement of the laws and ordinances and hold each responsible for any breach thereof. The meaning is that if an expert accountant examined the city books, and if a grand jury investigated the conduct of the city affairs, it would be found that laws and ordinaces had been violated and that the mayor had not kept his

promises to compel their enforcement. This may charge crime against some city officers, but it does not charge any crime against the mayor. The article does not even charge that the mayor knew that there had been infractions of the laws and ordinances by the other officers of the city, and does not state a case where the mayor would be required to prosecute or remove any city officers. We are of the opinion that the entire article makes no charge that the mayor had performed any act or omitted any duty which would render him liable to a criminal prosecution, and that the publication of the article was not a libel, under the allegations of the declaration. It is therefore unnecessary to consider any of the other errors assigned.

The judgment is reversed.

*Reversed.*

Finding of facts to be incorporated in the judgment: We find that the article published by appellant concerning appellee was not libelous and does not confer any cause of action in favor of appellee against appellant, as charged in the declaration.